## Commonwealth v. Moyer

*J. B. Nulty,* for appellant.

*S. A. Shantz,* for Commonwealth.

WALSH, J., July 12, 1972.—This is an appeal from a speeding conviction. The hearing on the merits is

not yet concluded, and the case is before us on a motion to declare the conviction void on the ground that the citation was issued and served by the arresting officer on a Sunday in violation of the following statute:

"No person or persons, upon the first day of the week, shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in case of treason, felony or breach of the peace; but the serving of any such writ, precept, warrant, order, judgment or decree shall be void, to all intents and purposes whatsoever; and the person or persons so serving or executing the same, shall be as liable to the suit of the party grieved, and to answer damages to him for doing thereof, as if he or they had done the same without any writ, precept, warrant or order, judgment or decree at all": Act of 1705, 1 Sm. L. 25, sec. 4, 44 PS §1.

The facts are that on Sunday, February 6, 1972, a Pennsylvania State Policeman arrested appellant on view in Bucks County on a charge of exceeding the lawful speed limit. The officer issued and served a citation at the scene in form as prescribed by Pennsylvania Rule of Criminal Procedure 133(a). A hearing was held before a justice of the peace on a subsequent day other than a Sunday.

Appellant's motion must be denied. In our view, the controlling provisions are section 1214 of The Vehicle Code, 75 PS §1214, which specifically authorizes Sunday arrests on view, and Pa. R. Crim. P. 131(a), which states:

"When the commission of a summary offense is observed by a police officer he may *in his discretion,* (italics supplied) issue a citation to such person charging the violation of said summary offense." (Effective 1970.)

To adopt appellant's view that the above rule was not intended to permit Sunday citations would lead to an incongruous result. It would require the arrested motorist to undergo the inconvenience of being taken from the scene of arrest to a justice of the peace under section 1214 of the code, at which time he would not be entitled to an immediate hearing as he would be if he were arrested on any day other than Sunday. His only recourse would be to post bail or be held without bail for hearing on a weekday.

The Rules of Criminal Procedure "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay as nearly as may be in consonance with the rules of statutory construction": Pa. R. Crim. P. 2. To the extent that the procedural rules have the force and effect of statutes, we feel that rule 131(a) and section 1214 of The Vehicle Code are in pari materia and should be construed together. We feel that the result we reach does not conflict with the Act of 1705 which has as its purpose the preservation of the Sabbath as a day of rest. It may be noted that the motor vehicle cases which have held that the lodging of an information on a Sunday is invalid dealt with traffic offenses which occurred on days of the week other than Sunday: Commonwealth v. De Pietro, 89 D. & C. 113, 4 Bucks Co. L. Rep. 8 (1954). Commonwealth v. Schlegel, 45 D. &. C. 2d 425 (1968).

## ORDER

And now, July 12, 1972, it is ordered that appellant's motion to declare the citation and conviction void is denied.